IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEANETTE STRATTON, | |
| *Plaintiff*, | |
| v. | Civil No.: 1:25-cv-01081-JRR |
| SILVERLUD, INC. d/b/a CIRCUS SHOW BAR, | |
| *Defendant*. | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Silverlud, Inc.'s Motion to Dismiss.  (ECF No. 11; the "Motion.")  The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2025).

## I.    BACKGROUND[1]

Plaintiff Jeanette Stratton was a bar manager and bartender with Defendant d/b/a Circus Show Bar ("Defendant" or "Circus") from about March 2023 through December 2025.  (ECF No. 1 ¶ 15.)  During her employment, Plaintiff typically worked about 24 hours per week.  *Id.* ¶ 16. From March 2023 to December 2024, Plaintiff customarily worked shifts of six (6) hours.  *Id.* ¶¶ 18, 20.  From about March 2023 to March 2024, Circus employed Plaintiff as bar manager and paid her a flat rate of $100 per shift, earning about $16.67 per hour.  *Id.* ¶ 18.  From April 2024 to December 2024, Circus employed Plaintiff as bartender and paid her a flat rate of $50 per shift, earning about $8.33 per hour.  *Id.* ¶ 20.

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint.  (ECF No. 1.)  *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

Throughout Plaintiff's employment, Defendant required her "to pay or assign 20% from her earned tip wages each shift directly to [its] doorman (about $25.00 - $50.00 per shift)." (ECF No. 1 ¶ 21.) Defendant allegedly "perpetrated a scheme" whereby:

> a. Circus' customers paid credit card tips to or for the direct intended benefit of Circus' exotic dancer entertainers directly to Plaintiff at Circus' bar;
>
> b. Circus, thereafter, issue payment of Plaintiff's earned credit card tips with Circus' customers exotic dancer entertainer credit card tips directly to the order of Plaintiff;
>
> c. Circus, thereafter, required Plaintiff to cash out her check which included Circus' customers' credit card tips for Circus' exotic dancer entertainers and pay and distribute the portion of the check that included Circus' exotic entertainers credit card tip money, in cash, directly to Circus' exotic dancer entertainers; and
>
> d. At or after the conclusion of each year of Plaintiff's employment, Circus issued Plaintiff substantially inflated IRS 1099s or IRS W-2s, each falsely denoting and affirming that Circus paid Plaintiff and/or that Plaintiff received and retained all the credit card tip money included in her checks from Circus, including the credit card tip money paid from Circus' customers to or for the benefit of Circus' exotic entertainers that that Circus required Plaintiff to cash out and pay and distribute directly to Circus' exotic dancer entertainers.

*Id.* ¶ 22.

Further, for calendar years 2023 and 2024, Defendant "issued Plaintiff false and substantially inflated IRS 1099s or W-2 tax information returns reflecting wages and tips that were facially incorrect and did not accurately reflect the actual direct hourly wages and tip wages Plaintiff received and retained." *Id.* ¶ 33. Specifically, Defendant "knowingly and intentionally issued Plaintiff false and substantially inflated tax information returns that were facially false and did not accurately reflect direct hourly wage and tip wages that Plaintiff received and retained," and Defendant had actual knowledge of such falsity and inaccuracy. *Id.* ¶ 35.

Moreover, during Plaintiff's employment with Defendant, Defendant never provided her the requisite "tip credit" notice under the Maryland Wage and Hour Law, and did not permit Plaintiff "to keep and retain all tips she received from Circus' customers," as she was obliged to "pay or assign 20% (about $25.00 - $50.00) of her per-shift earned tip wages to Circus' doorman." (ECF No. 1 ¶¶ 25–29.)   According to Plaintiff, "[b]ecause Circus did not fully satisfy each mandatory statutory pre-requisite to use of the Maryland 'tip credit,' Circus was not permitted to utilize tip wages earned or retained by Plaintiff to offset its obligation to pay Plaintiff during the period April 2024, through December 2024, at a direct wage rate at least equal to $15.00 per hour, the full Maryland Minimum Wage Rate." *Id.* ¶ 31.

Plaintiff initiated this action on April 1, 2025, asserting four counts: violation of the Fair Labor Standards Act ("FLSA") (Count I); violation of the Maryland Wage and Hour Law ("MWHL") (Count II); violation of the Maryland Wage Payment and Collection Law ("MWPCL") (Count III); and violation of Plaintiff's rights under 26 U.S.C. § 7434 (Count IV).  (ECF No. 1 ¶¶ 37–61.)  Defendant subsequently filed the instant Motion to dismiss Plaintiff's Complaint per Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF No. 11.)

## II.   LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(1)

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *United States ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 176 (D. Md. 2019) (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)).  "In determining whether jurisdiction exists, 'the court may look beyond the pleadings and the jurisdictional allegations of

the complaint and view whatever evidence has been submitted on the issue.'" *Id.* at 176 (quoting

*Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003)).

Subject matter jurisdiction challenges may proceed in two ways: "either a facial challenge,

asserting that the allegations pleaded in the complaint are insufficient to establish subject matter

jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint

[are] not true.'" *Mayor & City Council of Baltimore v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md.

2019) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).  In a facial challenge,

"the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint

alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Ministry*

*of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (same).  Conversely, in

a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations

does not apply, and the district court is entitled to decide disputed issues of fact with respect to

subject matter jurisdiction." *Kerns*, 585 F.3d at 192.  "In that circumstance, the court 'may regard

the pleadings as mere evidence on the issue and may consider evidence outside the pleadings

without converting the proceeding to one for summary judgment.'" *Trump*, 416 F. Supp. 3d at

479 (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)).

Defendant here asserts a facial challenge to the court's subject matter jurisdiction, averring

that Plaintiff's federal claims are insufficient to invoke this court's jurisdiction pursuant to 28

U.S.C. § 1331.  (ECF No. 11 at pp. 3–5.)

**B.  Federal Rule of Civil Procedure 12(b)(6)**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

sufficiency of the complaint." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017), *as amended*

(Jan. 20, 2017) (quoting *Papasan v. Allain*, 478 U.S. 265, 283 (1986)).  To survive a motion to

dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'" *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, thereby nudging its claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citation modified) (quoting *Twombly,* 550 U.S. at 555, 570). The plausibility requirement is not "a probability requirement but rather a mandate that a plaintiff 'demonstrate more than a sheer possibility that a defendant has acted unlawfully." *In re Birmingham*, 846 F.3d at 92 (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)). Reliance on "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

## III.   **ANALYSIS**

### A.  **Jurisdictional Challenges**

Defendant first challenges Plaintiff's assertion of this court's jurisdiction pursuant to 28 U.S.C. § 1331, arguing that Plaintiff's two federal claims—under 26 U.S.C. § 7434 and the FLSA—are not sufficient to invoke this court's jurisdiction because they are not ripe, and they are factually and legally intertwined with Plaintiff's Maryland statutory claims. (ECF No. 11 at pp.

3–4.)  Beyond reference to 26 U.S.C. § 7434 and the supplemental jurisdiction statute, Defendant fails to cite a single authority in support of its jurisdictional arguments.[2]

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Plaintiff invokes this court's subject matter jurisdiction as an "action[] arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331 (regarding federal question jurisdiction),[3] specifically because this action is brought under law of the United States, the FLSA and 26 U.S.C. § 7434, *see* ECF No. 1 ¶ 4.  Pursuant to federal question jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "To determine whether a case 'arises under' federal law for the purposes of establishing federal question jurisdiction," courts follow "the well-pleaded complaint rule" that "jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016).

Defendant does not challenge that Plaintiff's Complaint expressly brings claims under the FLSA and 26 U.S.C. § 7434, which are claims "under the . . . laws . . .of the United States," *see* 28 U.S.C. § 1331, and therefore that Plaintiff's Complaint presents federal questions on its face. Instead, Defendant contends that, notwithstanding these claims under the laws of the United States,

---

[2] Defendant's "Standard of Review" section includes citations pertaining generally to motions brought under Rules 12(b)(1) and 12(b)(6).  (ECF No. 11 at p. 3.)
[3] Plaintiff's MWHL and MWPCL claims fall within this court's exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.")

the court lacks jurisdiction because the federal claims are not "ripe," and because they are intertwined with the Maryland statutory claims.

Defendant appears to conflate ripeness, a justiciability doctrine, with whether Plaintiff will ultimately prevail on the merits. That Plaintiff has not yet proven her claim does not mean the claim is not ripe for disposition. Ripeness presents a question of justiciability. *See Deal v. Mercer Cnty. Bd. of Educ.*, 911 F.3d 183, 190 (4th Cir. 2018) (noting that, "[l]ike other justiciability doctrines, ripeness derives from Article III"). In assessing ripeness, court traditionally consider "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Cooksey v. Futrell*, 721 F.3d 226, 240 (4th Cir. 2013) (quoting *Nat'l Park Hospitality Ass'n v. Dep't of Interior,* 538 U.S. 803, 808 (2003)). "[T]he ripeness requirement is designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Sammons v. McCarthy*, 606 F. Supp. 3d 165, 236 (D. Md. 2022) (quoting *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 732–33 (1998)).

Section 7434 provides: "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a); *see Doherty v. Turner Broad. Sys., Inc.*, 72 F.4th 324, 326 (D.C. Cir. 2023) (noting that, "[u]nder § 7434, a plaintiff must show: (1) the defendant filed an information return on his or her behalf, (2) the return was false as to the amount paid, and (3) the defendant acted willfully and fraudulently, which here is equivalent to knowingly or recklessly"). Contrary to Defendant's contention, nothing in the language of 26 U.S.C. § 7434 indicates that a claim is not ripe unless and until a plaintiff establishes a violation under some other law. That Plaintiff must ultimately prove filing of fraudulent information does not mean her claim is not ripe.

The same is so under the FLSA.  Section 203(m)(2)(B) of the FLSA provides: "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."  29 U.S.C. § 203(m)(2)(B).  Further, "[a]ny employer who violates section 203(m)(2)(B) . . . shall be liable to the employee . . . affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  To be sure, Plaintiff must ultimately demonstrate by admissible evidence that her employer violated this provision to prevail on such a claim.  That she has not yet proved her claim does not present an issue of ripeness.

Further, as to both claims, that such claims may overlap (whether by their elements or the factual allegations asserted to fulfill their respective elements) with Plaintiff's Maryland's statutory claims is not a jurisdictional defect; to the contrary, it is the bedrock of supplemental jurisdiction.  28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 27 (2025) (discussing supplemental jurisdiction and noting "if a complaint includes the requisite federal question, a federal court often has power to decide state-law questions too," so long as the state claim derives from "the same 'nucleus of operative fact' as the federal one") (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

Accordingly, where Plaintiff's Complaint raises multiple federal claims, the court is satisfied that Plaintiff has demonstrated this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  *See Royal Canin*, 604 U.S. at 26 (noting "[a] suit most typically falls within that

8

statutory grant 'when federal law creates the cause of action asserted'") (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)).

### B. Plausibility Challenge

Defendant also moves to dismiss all of Plaintiff's claims pursuant to Rule 12(b)(6). (ECF No. 11 at pp. 5–7.) Once again, besides cursory reference to 26 U.S.C. § 7434, Defendant fails to cite any legal authority in support of its arguments. *Id.*

Defendant, as movant, bears the burden "to show entitlement to dismissal." *Jackson v. Sch. Bd. for City of Richmond, Virginia*, No. 3:24CV528 (RCY), 2025 WL 2025363, at *4 (E.D. Va. July 18, 2025) (quoting *Ziegler v. Dunn*, 2024 WL 761860, at *2 (E.D. Va. Feb. 23, 2024)). "It is not the role of this Court to . . . make counsel's legal argument for him or her; this Court's role is to rule on the specific legal arguments presented by counsel." *Sanders v. Berryhill*, No. 1:16CV236, 2017 WL 3083730, at *3 (W.D.N.C. June 12, 2017), *report and recommendation adopted,* 2017 WL 3083261 (W.D.N.C. July 19, 2017). By failing to assert any authority in support of its position, Defendant plainly fails to meet its burden. *See Sloan v. N. Carolina Div. of Motor Vehicles*, No. 2:11CV52, 2012 WL 3030307, at *3 (W.D.N.C. July 25, 2012) (noting that, where defendant's motion to dismiss "fails to offer any legal authority supporting its position that such claims are subject to dismissal," "[i]t is not the role of this Court to perform the job of Defendants' counsel"). In this way, the Motion is facially deficient; the court will not (indeed, shall not) undertake the role of attempting to find support for Defendant's unsupported arguments.

Further, even allowing for Defendant's cursory and unsupported arguments, Defendant fails to meet its burden. Defendant's Rule 12(b)(6) challenges fall into three general categories, none of which is compelling: 1) arguments that misconstrue or simply neglect Plaintiff's allegations (*e.g.*, contrary to Defendant's contention, Plaintiff alleges that it willfully, knowingly,

and intentionally issued Plaintiff's tax forms with information it knew to be false, *see* ECF No. 1 ¶¶ 22, 35, 58–60, and that Defendant required Plaintiff to pay or assign 20% of her earned tip wages to its doorman, *id.* ¶¶ 21–22, 38); 2) arguments that Plaintiff has not established her claim via the necessary proof, which is not required at the present stage, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face," meaning which permits the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); and 3) arguments that improperly challenge the merits of Plaintiff's claims, *see Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (noting that a Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses") (quoting *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  These arguments fail to persuade the court that Plaintiff's Complaint does not plead plausible claims.

Defendant thus fails to meet its burden to show that Plaintiff's claims are subject to dismissal pursuant to Rule 12(b)(6).  The court will therefore deny the Motion on that basis.

## IV.    CONCLUSION AND ORDER

Accordingly, it is this 23rd day of March 2026,

**ORDERED** that Defendant's Motion (ECF No. 11) shall be, and is hereby **DENIED**; and further it is

**ORDERED** that Defendant shall answer Plaintiff's Complaint in accordance with the Federal and Local Rules.

/S/

_____

Julie R. Rubin
United States District Judge

10